UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORP. | ) | |
| Plaintiff, | ) | C.A. No: 19-10009 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| AMERICAN MARINE CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. The contract between the parties, a BIMCO form TOWHIRE 2008 Agreement dated December 27, 2017 (hereinafter 'Tow Agreement"), provides for the resolution of all disputes that arise under the Agreement in the United States District Court for the District of Massachusetts.

## PARTIES

3. At all material times, CASHMAN EQUIPMENT CORP. (hereinafter "Cashman" or "Plaintiff") was and is a corporation with an office and place of business located at 41 Brooks Drive, Braintree, Massachusetts 02184, and was the owner of Deck Barge JMC 300, which was the subject of the Tow Agreement entered into between the parties.

4. At all material times, defendant AMERICAN MARINE CORPORATION (hereinafter "AMC" or "Defendant") was and is a corporation with an office and place of business located at 1500 South Barracuda Street, Terminal Island, California 90731, and was and is the

registered owner and/or operator of the ocean going tug AMERICAN CHAMPION, the vessel that was nominated to tow the deck barge JMC 300 pursuant to the Tow Agreement.

5.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.      On December 27, 2017 Cashman and AMC entered into the Tow Agreement wherein AMC agreed to supply an ocean-going tug, the AMERICAN CHAMPION, in order to tow the deck barge JMC 300 from a location at sea in the vicinity of Key West, Florida northbound up the east coast of the United States to Portsmouth, Virginia.

7.      The tow commenced on or about December 30, 2017 from the vicinity of Key West, Florida destined for Virginia.

8.      Early on January 1, 2018 the National Weather Service issued its first forecast for the potential of a major winter storm affecting the east coast of the United States on/about January 4, 2018. This storm eventually was named Winter Storm Grayson.

9.      By the afternoon of January 2, 2018, the National Weather Service was predicting a major east coast winter storm from the Carolinas to Maine between January 3 and January 6, 2018. At this point in time, the tug/tow were, upon information and belief, off the coast of Florida and had the ability to alter course or delay their voyage to avoid the storm.

10.     The weather forecasts continued to accurately predict the deepening storm system on January 3, 2018.  In fact, on this date, storm warnings were posted and AMERICAN CHAMPION'S destination port in Virginia was declared closed due to the anticipated weather.

11. Defendant chose to ignore the worsening weather forecasts and continued its course northward into the forecasted dangerous weather conditions.

12. On January 4, 2018, with the Chesapeake Bay closed by order of the United States Coast Guard due to the existing weather conditions. Defendant communicated with the Coast Guard and convinced them to permit the AMERICAN CHAMPION to take shelter in the vicinity of Thimble Shoal Channel, west of the Chesapeake Bay Bridge/Tunnel.

13. While at anchor, barge JMC 300 was struck by some unknown objects during the storm that caused extensive damage to the port forward rake of the barge.

14. Surveys were conducted of the damage starting on January 7, 2018.

15. Temporary repairs were performed in the Portsmouth area to permit the barge to travel in order to complete permanent repairs.

16. On January 22, 2018 the barge began transit from Virginia to Brooklyn Navy Yard in New York where permanent repairs were completed.

17. The TOWHIRE contract provides that the prevailing party shall be entitled to recover its costs of suit and reasonable attorney fees.

18. By reason of the foregoing, Cashman has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded.

## COUNT I
(Breach of Contract)

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. The loss sustained by Plaintiff was not the result of any act or omission on the part of the Plaintiff but, to the contrary, was due solely as a result of the negligence, fault, neglect

and/or breach of contract on the part of the Defendant or their agents and the unseaworthiness of the tug AMERICAN CHAMPION and its crew.

21. By reason of the foregoing, Cashman has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded.

### COUNT II
(Negligence)

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. The loss sustained by plaintiff was solely the result of defendant or their agent's failure to exercise due diligence as it was imprudent to disregard the weather forecasts, weather conditions and notifications regarding the state of emergency declared by (a) National Weather Service; and (b) the Governor of Virginia and (c) the United States Coast Guard and continuing its journey toward Portsmouth, Virginia rather than waiting out the storm to avoid the aforesaid weather conditions.

24. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded.

### COUNT III
(Negligence)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

26. As the owners and operators of the tug AMERICAN CHAMPION, Defendant and their agents were responsible for properly manning the tug and or otherwise exercising due diligence to ensure that the vessel and her crew was seaworthy and fit to complete the voyage.

This specifically includes being aware of weather forecasts and to take evasive measures so the tug would avoid weather conditions that could cause damage to said barge.

27. The loss suffered by Plaintiff were caused by the lack of due diligence and/or negligence and fault of Defendant or their agents, whose acts and omissions were responsible for the damage sustained to Barge JMC 300 while under the care and control of Defendant.

28. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded.

## **COUNT IV**
(Negligence)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 28, inclusive, as if herein set forth at length.

30. Defendant acted with gross negligence and/or reckless disregard in failing to take prudent action to avoid the impact and effects of Winter Storm Grayson.

31. The actions of Defendant in failing to take appropriate action to avoid the impact and effects of Winter Storm Grayson were directly responsible for the damages sustained to barge JMC 300 and the loss suffered by Plaintiff.

32. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

      2.      That judgment be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages; and

      3.      That this Court grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,
For the Plaintiff,
Cashman Equipment Corp.,
By Their Attorney,

/s/ Brian Keane
Brian Keane, Esq., BBO #656717
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
617-313-2900
bkeane@keanelawgroup.com