**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **CASHMAN EQUIPMENT CORP.,** ) | | |
| **Plaintiff,** ) | | |
| ) | | **CIVIL ACTION NO.** |
| **v.** ) | | **1:19-cv-10009-RWZ** |
| ) | | |
| **AMERICAN MARINE CORPORATION**) | | |
| **Defendant.** ) | | |
| ) | | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, American Marine Corporation. ("American Marine" or "Defendant"), and respectfully submits its Answer to the Plaintiff's Complaint as follows:

### JURISDICTION

1. The allegations contained in Paragraph One (1) are statements of law and jurisdiction to which no Answer is required. To the extent an Answer is required, the Defendant denies same.

2. The defendant admits that it entered into a BIMCO form TOWHIRE 2008 Agreement with Plaintiff on or about December of 2017. The remaining allegations contained in Paragraph Two (2) are statements of law to which no Answer is required. To the extent an Answer is required, the Defendant denies same.

### PARTIES

3. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Three (3) and therefore denies same.

4. The Defendant admits that on or about December of 2017 and January of 2018 it was a corporation with an office and place of business located at 1500 South Barracuda Street,

Terminal Island, California 90731, and was the operator of the ocean going tug

AMERICAN CHAMPION. The Defendant denies that it was the registered owner of the

ocean going tug AMERICAN CHAMPION on or about December of 2017 and January

of 2018. The remaining allegations contained in Paragraph Four (4) are statements of law

to which no Answer is required. To the extent an Answer is required, the Defendant

denies same.

5.  The Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph Five (5) and therefore denies same.

## RELEVANT FACTS

6.  The allegations contained in Paragraph Six (6) are statements of law to which no Answer

is required. To the extent an Answer is required, the Defendant denies same.

7.  The Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph Seven (7) and therefore denies same.

8.  The Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph Eight (8) and therefore denies same.

9.  The Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph Nine (9) and therefore denies same.

10. The Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph Ten (10) and therefore denies same.

11. The Defendant denies the allegations contained in Paragraph Eleven (11).

12. The Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph Twelve (12) and therefore denies same.

13. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Thirteen (13) and therefore denies same.

14. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Fourteen (14) and therefore denies same.

15. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Fifteen (15) and therefore denies same.

16. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Sixteen (16) and therefore denies same.

17. The allegations contained in Paragraph Seventeen (17) are statements of law to which no Answer is required. To the extent an Answer is required, the Defendant denies same.

18. The Defendant denies the allegations contained in Paragraph Eighteen (18).

<u>**COUNT I**</u>
**(Breach of Contract)**

19. The Defendant reaffirms and reiterates all of its Answers contained in Paragraphs One (1) through Eighteen (18), inclusive, and incorporates same by reference herein.

20. The Defendant denies the allegations contained in Paragraph Twenty (20).

21. The Defendant denies the allegations contained in Paragraph Twenty – One (21).

WHEREFORE, the Defendant, American Marine Corporation, respectfully requests that this Honorable Court dismiss Count I, together with costs and reasonable attorneys' fees.

<u>**COUNT II**</u>
**(Negligence)**

22. The Defendant reaffirms and reiterates all of its Answers contained in Paragraphs One (1) through Twenty – One (21), inclusive, and incorporates same by reference herein.

23. The Defendant denies the allegations contained in Paragraph Twenty – Three (23).

24. The Defendant denies the allegations contained in Paragraph Twenty – Four (24).

WHEREFORE, the Defendant, American Marine Corporation, respectfully requests that this

Honorable Court dismiss Count II, together with costs and reasonable attorneys' fees.

## COUNT III
### (Negligence)

25. The Defendant reaffirms and reiterates all of its Answers contained in Paragraphs One (1)

through Twenty – Four (24), inclusive, and incorporates same by reference herein.

26. The allegations contained in Paragraph Twenty – Six (26) are statements of law to which

no Answer is required. To the extent an Answer is required, the Defendant denies same.

27. The Defendant denies the allegations contained in Paragraph Twenty – Seven (27).

28. The Defendant denies the allegations contained in Paragraph Twenty – Eight (28).

WHEREFORE, the Defendant, American Marine Corporation, respectfully requests that this

Honorable Court dismiss Count III, together with costs and reasonable attorneys' fees.

## COUNT IV
### (Negligence)

29. The Defendant reaffirms and reiterates all if its Answers contained in Paragraphs One (1)

through Paragraphs Twenty – Eight (28), inclusive, and incorporates same by reference

herein.

30. The Defendant denies the allegations contained in Paragraph Thirty (30).

31. The Defendant denies the allegations contained in Paragraph Thirty – One (31).

32. The Defendant denies the allegations contained in Paragraph Thirty – Two (32).

WHEREFORE, the Defendant, American Marine Corporation, respectfully requests that this

Honorable Court dismiss Count IV, together with costs and reasonable attorneys' fees.

4

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, American Marine Corporation, and incorporates the following Affirmative Defenses into each and every cause of action contained in its Answer to Plaintiff's Complaint and Demand for Jury Trial as follows:

### FIRST AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the causes of action contained in the Plaintiff's Complaint fail to state causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint is barred by virtue of the doctrine of estoppel and/or the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint is barred under the doctrine of Superseding or Intervening Cause.

### FOURTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint fails to state a claim upon which relief can be granted as the tug AMERICAN CHAMPION towed the Deck Barge JMC300 under the Plaintiff's direction and Defendant took all appropriate and prudent action to protect the tow.

**FIFTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that it discharged all of its obligations under the TOWHIRE 2008 Agreement, including, *inter alia*, crewing the Tug AMERICAN CHAMPION with a professionally competent and appropriately licensed crew prior to the tow, and exercising due diligence to tender the Tug AMERICAN CHAMPION in a seaworthy condition for the anticipated tow.

**SIXTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff breached its obligations under the TOWHIRE 2008 Agreement by failing, *inter alia*, to ensure that the Deck Barge JMC 300 was in all respect fit to be towed from the place of departure to the place of destination and by causing delay.

**SEVENTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff breached its obligations under the TOWHIRE 2008 Agreement by failing, *inter alia*, to take responsibility for all liability arising out of any alleged damages to the Deck Barge JMC 300.

**SEVENTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff is liable for costs of suit and reasonable attorneys fees under the TOWHIRE 2008 Agreement.

6

**EIGTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that if the Plaintiff sustained losses in the manner alleged,

which is specifically denied, it was due in whole or in part to the Plaintiff's (or those acting on

the Plaintiff's behalf) own negligence and failure to exercise the degree of care, skill, and

knowledge legally required and reasonably to be expected of the Plaintiff's (or those acting on

the Plaintiff's behalf) experience and not due to any negligence or fault on the part of the

Defendant or any persons for whom the Defendant may be legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that if the Plaintiff sustained losses in the manner alleged,

which is specifically denied, it was due to the action and/or omissions of individuals for whom

the Defendant is not legally responsible.

**TENTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that if the Plaintiff sustained losses in the manner alleged,

which is specifically denied, said damages were sustained as a result of an Act of God, for which

the Defendant is not legally responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that if the Plaintiff sustained losses in the manner alleged,

which is specifically denied, the Plaintiff (or those acting on the Plaintiff's behalf) carelessly and

negligently conducted itself/themselves and that it/they, by its/their own negligence, contributed

directly and proximately to the Plaintiff's alleged losses and damages, and accordingly the Plaintiff should recover nothing, or, in the alternative, the Plaintiff's damages should be reduced by the Plaintiff's (or those acting on the Plaintiff's behalf) proportionate degree of fault as provided by applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff sustained losses in the manner alleged, which is specifically denied, under the doctrines of contribution and indemnification, persons or entities other than Defendant are wholly or partially responsible for whatever damages, if any, are alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff sustained losses as alleged, which is specifically denied, the Plaintiff's alleged losses are wholly unrelated to, and were not caused by, any act or omission by the Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that any recovery by the Plaintiff is barred because the Plaintiff failed to mitigate any alleged injuries or damages sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that at all times relevant hereto, it acted reasonably and in good faith, and with due care for the rights of the Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that any recovery by the Plaintiff is barred and/or should be

reduced because the Plaintiff's (or those acting on the Plaintiff's behalf) gross and/or willful

misconduct caused or contributed to the Plaintiff's alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,

the Defendant states that the Plaintiff's claims in the Plaintiff's Complaint are barred by the Time

for Suit limitations in the TOWHIRE 2008 Agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,

the Defendant incorporates all of its defenses as contained in the TOWHIRE 2008 Agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that if the Plaintiff was injured in the manner alleged, which is

specifically denied, such injury was without the fault, knowledge, or privity of the Defendant and

the Defendant is entitled to an exoneration and/or limitation of its liability under the Limitation

of Liability Act of 1851, 46 U.S.C. §§ 30501-30512.

## TWENTIETH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant, American Marine Corporation, states that it hereby gives notice that

it intends to rely upon other such defenses as may become available or apparent during the

course of discovery and/or as may be asserted by other parties to litigation arising out of the

alleged incident, and it thus reserves the right to amend its Answer and Affirmative Defenses to assert such defenses.

WHEREFORE, the Defendant, American Marine Corporation, prays that the Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## AMERICAN MARINE CORPORATION'S COUNTERCLAIM AGAINST CASHMAN EQUIPMENT CORPORATION

NOW COMES, Counterclaim Plaintiff, American Marine Corporation ("American Marine"), in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and, pursuant to Fed. R. Civ. P. 13 respectfully files this Counterclaim against Counterclaim Defendant, Cashman Equipment Corp. ("Cashman Equipment"). In support thereof, and without waiving any defenses, American Marine, alleges the following:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). Jurisdiction is present pursuant to 28 U.S.C. §1333. American Marine brings this Counterclaim pursuant to Fed. R. Civ. P. 13.

2. A BIMCO form TOWHIRE 2008 Agreement executed between American Marine and Cashman Equipment on or about December of 2017 (the "Tow Agreement") provides for the resolution of all disputes arising under the Tow Agreement in the United States District Court for the District of Massachusetts.

### PARTIES

3. At all times material hereto, American Marine was and is a corporation organized and existing under the laws of the State of Hawaii with an office and place of business located at 1500 South Barracuda Street, Terminal Island, California 90731.

4.  At all times material hereto, American Marine was the operator of the tug AMERICAN CHAMPION ("Tug").

5.  Upon information and belief, at all times material hereto, Cashman Equipment was a corporation with an office and place of business located at 41 Brooks Drive, Braintree, Massachusetts 02184.

6.  Upon information and belief, at all times material hereto, Cashman Equipment was the owner and operator of the Deck Barge JMC 300 (the "Barge").

## FACTUAL BACKGROUND

7.  On or about December of 2017, Cashman Equipment and American Marine entered into the Tow Agreement.

8.  At all times material hereto, the Tow Agreement was in full force and effect.

9.  At all times material hereto, Cashman Equipment agreed to be bound by the provisions of the Tow Agreement.

10. From late December of 2017 until on or about January 6, 2018, pursuant to the Tow Agreement, the Tug towed the Barge under Cashman Equipment's direction, supervision, and advices.

11. Pursuant to the Tow Agreement and under Cashman Equipment's direction, supervision, and advices, American Marine towed the Barge to Virginia in order to load utility trucks bound for Puerto Rico (the "Tow").

12. Cashman Equipment's unreasonable and unwarranted delays caused the Tow to encounter a storm.

13. From the evening of January 4, 2018, through the afternoon of January 5, 2018, while the Tug and Tow were hove to the weather inside Chesapeake Bay, the Tow weathered 12 foot seas at 2 second intervals, 60 knot winds, driving snow, and freezing temperatures.

14. Despite Cashman Equipment's unwarranted and unreasonable delays causing the Tow to encounter the storm, American Marine took all appropriate and prudent action to protect the Tow during the storm, and followed Cashman Equipment's instructions to heave to the weather.

15. The Tow did not strike any object.

16. No floating debris struck the Tow.

17. The Tug's crew did not witness any incident that might have damaged the Barge.

18. The Tow did not encounter any incident causing damage to the Barge.

19. Despite Cashman Equipment's unwarranted and unreasonable actions, American Marine discharged all of its obligations under the Tow Agreement, including, *inter alia*, crewing the Tug with a professionally competent and appropriately licensed crew prior to the Tow, and exercising due diligence to tender the Tug in a seaworthy condition for the anticipated Tow.

20. Cashman Equipment failed to meet its obligations under the Tow Agreement.

21. Under the Tow Agreement, Cashman Equipment had a duty to ensure that the Barge was "in all respects fit to be towed from the place of departure to the place of destination."

22. In contravention of the Tow Agreement, Cashman Equipment delivered the Barge in an unfit manner and with poor welding at the transition between the bow rake and side shell.

23. The Tow Agreement provides that "[l]oss or damage of whatsoever nature, howsoever caused to or sustained by the [Barge]" is "for the sole account of [Cashman Equipment]

12

without any recourse to [American Marine], [its] servants or agents, whether or not same

is due to any breach of contract (including as to the seaworthiness of the Tug), negligence

or any other fault on the part of [American Marine], [its] servants or agents…"

24. In contravention of the Tow Agreement, Cashman Equipment seeks to hold American

Marine liable for alleged damage to the Barge.

25. The Tow Agreement provides that the prevailing party in "any such suit, action or

proceeding shall be entitled to recover its costs of suit and reasonable attorneys fees."

26. By reason of the foregoing, American Marine has sustained losses and damages which

will be shown with specificity at trial.

## COUNT I
(Breach of Contract)

27. American Marine repeats, reiterates, and realleges each and every allegation set forth in

Paragraph One (1) through Twenty-Six (26), inclusive, as if fully set forth herein.

28. Cashman Equipment failed to meet its obligations under the Tow Agreement.

29. Under the Tow Agreement, Cashman Equipment had a duty to ensure that the Barge was

"in all respects fit to be towed from the place of departure to the place of destination."

30. In contravention of the Tow Agreement, Cashman Equipment delivered the Barge in an

unfit manner and with poor welding at the transition between the bow rake and side shell.

31. The Tow Agreement provides that "[l]oss or damage of whatsoever nature, howsoever

caused to or sustained by the [Barge]" is "for the sole account of [Cashman Equipment]

without any recourse to [American Marine], [its] servants or agents, whether or not same

is due to any breach of contract (including as to the seaworthiness of the Tug), negligence

or any other fault on the part of [American Marine], [its] servants or agents…"

13

32. In contravention of the Tow Agreement, Cashman Equipment seeks to hold American Marine liable for alleged damage to the Barge.

33. The Tow Agreement provides that the prevailing party in "any such suit, action or proceeding shall be entitled to recover its costs of suit and reasonable attorneys fees."

34. As a proximate result of the breaches of duties undertaken in the Tow Agreement by Cashman Equipment, American Marine has sustained losses and damages which will be shown with specificity at trial.

## COUNT II
(Negligence)

35. American Marine repeats, reiterates, and realleges each and every allegation set forth in Paragraph One (1) through Thirty-Four (34), inclusive, as if fully set forth herein.

36. As the owners and operators of the Barge, Cashman Equipment had a duty, *inter alia*, to ensure that the Barge was in all respects fit to be towed from the place of departure of the Tow to the place of destination of the Tow.

37. Cashman Equipment negligently breached its duties by, *inter alia*, tendering the Barge in an unfit state for the Tow.

38. Cashman Equipment had a duty to avoid unreasonable and unwarranted actions.

39. Cashman Equipment breached its duties to avoid unwarranted and unreasonable actions by, *inter alia*, causing unreasonable and unwarranted delays to the Tow.

40. By reason of the foregoing, American Marine has sustained losses which will be shown with specificity at trial.

WHEREFORE, Counterclaim Plaintiff, American Marine Corporation, demands judgment against Counterclaim Defendant, Cashman Equipment Corp., in an amount to be determined by this Honorable Court together with interest, costs, and reasonable attorneys' fees.

14

Respectfully Submitted,
AMERICAN MARINE CORPORATION,
By its attorneys,

HOLBROOK & MURPHY

*/s/ Samuel P. Blatchley*
Robert J. Murphy BBO# 557659
Samuel P. Blatchley BBO# 670232
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
rmurphy@holbrookmurphy.com
sblatchley@holbrookmurphy.com

## Certificate of Service

I hereby certify that on April 11, 2019, I electronically filed the within document with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

counsel of record.

*/s/ Samuel P. Blatchley*
Samuel P. Blatchley BBO# 670232
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA  02110
(617) 428-1151
sblatchley@holbrookmurphy.com