UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-10009-RWZ

CASHMAN EQUIPMENT CORP.

v.

AMERICAN MARINE CORPORATION

<u>MEMORANDUM & ORDER</u>

July 7, 2020

In this admiralty claim, defendant American Marine Corporation ("American Marine") moves for summary judgment as to plaintiff Cashman Equipment Corp.'s ("Cashman") claims for breach of contract and negligence, as well as its own counterclaim for breach of contract. American Marine also moves to strike a portion of a supporting affidavit submitted by plaintiff.

**<u>Summary Judgment</u>**

I.     **Facts[1]**

Cashman hired defendant, a tug operator, to tow its barge from Florida to Virginia and ultimately to Puerto Rico in December and January of 2017. On the way, the ships encountered Winter Storm Grayson and damage to the barge was subsequently discovered, leading to these claims.

---

[1] The undisputed facts are derived from defendant's statement of material facts, plaintiff's response thereto, and all documents filed therewith. Dockets ## 20, 22. The court has also reviewed the exhibits attached to defendant's reply to response to motion. Dockets ## 27–33.

The parties used a form contract, the Towhire 2008 form, from the Baltic and International Maritime Council ("BIMCO") trade association.  Section 23 of that contract provides:

> The following shall be for the sole account of the Hirer without any recourse to the Tugowner, his servants, or agents, whether or not the same is due to any breach of contract (including as to the seaworthiness of the Tug), negligence or any other fault on the part of the Tugowner, his servants or agents: . . . [l]oss or damage of whatsoever nature, howsoever caused to or sustained by the Tow.

Ex. 17 7, ECF. No 20-17.  The same section includes a nearly identical reciprocal clause exculpating[2] Cashman of any damages to the tug:

> The following shall be for the sole account of the Tugowner without any recourse to the Hirer, his servants, or agents, whether or not the same is due to any breach of contract, negligence or any other fault on the part of the Hirer, his servants or agents: . . . [s]ave for the provisions of [illegible], loss or damage of whatsoever nature, howsoever caused to or sustained by the Tug or any property on board the Tug.

Id. at 6.  Together, these reciprocal provisions are known as "knock-for-knock" clauses.

## II.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue is 'genuine' for purposes of summary

---

[2] Defendant and other courts have referred to these clauses as both exculpation and indemnification clauses.  Black's Law Dictionary defines an exculpatory clause as "[a] contractual provision relieving a party from liability resulting from a negligent or wrongful act," Exculpatory Clause, Black's Law Dictionary (11th ed. 2019); whereas indemnification is "[t]he action of compensating for loss or damage sustained," Indemnification, Black's Law Dictionary (11th ed. 2019).  The clauses at issue are properly deemed exculpatory since they are centrally concerned with the assignment of liability, not with payment of damages.

judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'" Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)). The court reviews the record in the light most favorable to the nonmoving party. Podiatrist Ass'n, Inc. v. La Cruz Azul De P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003).

In evaluating a motion for summary judgment, the court may consider the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials . . . ." Id. 56(c)(1)(A).

## III.   Analysis

Defendant moves for summary judgment on the ground that plaintiff's claims are barred by the knock-for-knock clauses in section 23 of the BIMCO Towhire contract.[3] Plaintiff argues that section 23 is invalid because there is a judicial rule, affirmed in Bisso v. Inland Waterways Corp., 349 U.S. 85, 90 (1955), against exculpation clauses in the tug industry.

Bisso prohibits a tug from contracting against "*all* liability for its own negligent towage." Id. at 85 (emphasis added).  The clause at issue in this case, however, is not so broad.  The Fifth Circuit evaluated an almost identical BIMCO Towhire clause in International Shipbreaking Ltd., LLC v. Smith, 44 F. App'x 653 (5th Cir. 2002).  It noted

---

[3] The crux of this motion is the enforceability of section 23, about which there is no factual dispute. Plaintiff's argument that more discovery is needed to respond to this motion for summary judgment is consequently not persuasive.

that the BIMCO clause "differs from the provision invalidated in <u>Bisso</u> because it does not shelter [defendant] from *all* liability. Rather, [defendant tug-owner] retained substantial exposure to liability vis-a-vis an identical provision allocating risk of damage to the tug to [defendant] . . . ." <u>Id.</u>[4] (emphasis in original). Under the contract in this case, the defendant similarly retained significant exposure to liability, including, among other things, damage to its tug, damage done to third parties by the tug, and injury to its crew. <u>Bisso</u> does not, therefore, invalidate section 23.

The First Circuit has enumerated certain requirements for an exculpatory clause to be enforceable. A clause barring liability for ordinary negligence is valid "assuming it were not inflicted by a monopolist or one with greatly superior bargaining power." <u>Broadley v. Mashpee Neck Marina, Inc.</u>, 471 F.3d 272, 274 (1st Cir. 2006); <u>see also</u> <u>La Esperanza de P.R., Inc. v. Perez y Cia. de P.R., Inc.</u>, 124 F.3d 10, 19 (1st Cir. 1997) ("[C]ourts today will enforce red letter clauses that are expressed clearly in contracts entered into freely by parties of equal bargaining power, provided that the clause not provide for a total absolution of liability."). Neither defendant nor plaintiff had greatly superior bargaining power. Plaintiff was apparently in great need of a tug on relatively short notice, but it is a large, experienced company. It owns more than 100 vessels that comprise, in its own words, "one of the largest fleets in the industry;" defendant, on the other hand, owns a mere handful of tugs. Plaintiff had, in fact, recommended the use

---

[4] Plaintiff argues <u>International Shipbreaking</u> is not applicable because the claim in that case was for breach of warranty, not negligence. International Shipbreaking argued that <u>Bisso</u> voided the BIMCO contract's limitation of liabilities, which absolved any implied warranties, and therefore allowed International Shipbreaking to make a claim for breach of warranty. The district court in that case sidestepped <u>Bisso</u> because Bisso's was a negligence, not a contract, claim. Plaintiff incorrectly focuses on the district court's avoidance of <u>Bisso</u> when the Fifth Circuit, whose reasoning I adopt here, directly addressed <u>Bisso</u> as it relates to negligence as well contract claims.

4

of the BIMCO contract for the parties' immediately preceding transaction, which then lead to its use for the tow in issue.  Notably, plaintiff did not suggest any changes to the form even though the parties in this case had excluded knock-for-knock clauses from some of their prior contracts.  Because the record is devoid of any evidence that the bargaining process was anything but fair, section 23 is valid and defendant's motion is allowed as to counts I, II, and III.

Count IV is also titled "negligence," but it alleges defendant was *grossly* negligent.  Parties cannot contract out of gross negligence.  La Esperanza de P.R.,124 F.3d at 19.  Therefore, section 23 of the BIMCO Towhire does not bar this claim. Defendant nevertheless argues that plaintiff has not sufficiently pled gross negligence for the claim to stand.  In determining the sufficiency of a pleading, the Federal Rules of Civil Procedure simply require "a short and plain statement of the grounds for the court's jurisdiction[;] . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2). Focusing on the second requirement, the complaint in this case states, "[d]efendant acted with gross negligence and/or reckless disregard in failing to take prudent action to avoid the impact and effects of Winter Storm Grayson."  This is sufficient pleading and the motion for summary judgment is therefore denied as to count IV.

Defendant also moves for summary judgment on count I of its counterclaim, which alleges breach of contract, because plaintiff brought this suit despite the agreement that "[l]oss or damage of whatsoever nature, howsoever caused to or sustained by the [barge]" is "for the sole account of [Cashman Equipment] without any recourse to [American Marine]."  Plaintiff has breached that provision by seeking

5

recourse on counts I through III.  Therefore, defendant's motion for summary judgment is allowed with respect to count I of its counterclaim.

### Motion to Strike

The motion to strike is denied.

### Conclusion

The defendant's motion for summary judgment (Docket # 18) is ALLOWED as to counts I, II, and III of the complaint and as to count I of defendant's counterclaim.  It is DENIED as to count IV of the complaint.  Defendant's motion to strike (Docket # 35) is DENIED.  Plaintiff's motion for leave to file a reply (Docket # 37) is ALLOWED.


<u>July 7, 2020</u>
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE